**The STATE of Ohio**

v.

**WENNINGER.**

Court of Common Pleas of Ohio,
Brown County.

No. CR 2002 2234.

Decided March 24, 2003.

56

W. Kenneth Zuk, Special Prosecuting Attorney, for plaintiff.

Gary A. Rosenhoffer, for defendant.

ROBERT P. RINGLAND, Judge.

{¶ 1} This matter came before the court on March 11, 2003, pursuant to defendant's motion to dismiss filed on March 3, 2003. Upon consideration of the oral argument, as well as the written memoranda, the court hereby renders the following decision.

### Statement of Facts

{¶ 2} On December 31, 2002, defendant was charged in a two-count indictment alleging violations of R.C. 3599.36, election falsification, and R.C. 2921.13(A)(1) and (A)(3), falsification, occurring on or about December 22, 1999, through January 7, 2000. Count I of the indictment alleges that defendant violated R.C. 3599.36 by knowingly falsifying his declaration of candidacy for the office of

Sheriff of Brown County, Ohio. Count II of the indictment alleges that defendant violated R.C. 2921.13(A)(1) by knowingly making a false statement in an official proceeding, and violated (A)(3) of that statute by knowingly making a false statement with the purpose to mislead a public official.

{¶ 3} R.C. 311.01 governs the requirements and qualifications for the office of sheriff. R.C. 311.01(H) sets forth the qualifying date for candidates for the office of sheriff and that they are required to qualify as of the last date on which a candidate can file a declaration of candidacy. The last date for the defendant to qualify was January 7, 2000, which was the date that petitions had to be filed. The state claims that as of January 7, 2000, the defendant did not have the requisite qualifications and that his candidacy is in essence a falsification to the board of elections. Specifically, the state contends that defendant did not comply with the requirements of R.C. 311.01(b)(9)(a) or (b) because (1) he did not have the two years of supervisory experience as a peace officer at the rank of corporal or above or served at the rank of sergeant or above pursuant to R.C. 5503.01 in the five-year period prior to the qualification date; and (2) he had not satisfactorily completed at least two years of post-secondary education or the equivalent in semester or quarter hours in a college or university authorized to confer degrees by the Ohio Board of Regents.

{¶ 4} In his motion to dismiss, defendant seeks to have Count I dismissed on four grounds: (1) Defendant substantially met the educational requirements to become Brown County's Sheriff; (2) R.C. 311.01(B)(9)(6) is being imposed in a retroactive or ex post facto manner; (3) the state may not pursue a felony falsification charge because the declarations of candidacy and petitions were defective; and (4) prosecution is barred, as the determination of whether an individual possesses the qualifications to run for sheriff is to be made by the board of elections under R.C. 311.01(F)(2). Defendant also seeks to have Count II dismissed pursuant to R.C. 2901.13(A)(1)(b) based on the running of the statute of limitations.

## Legal Analysis

{¶ 5} Beginning with Count I, R.C. 3599.36, election falsification, defendant argues that he substantially met the educational requirements to become Brown County's Sheriff. However, to the court's knowledge, there is nothing in R.C. 311.01 that permits substantial compliance, and defendant has not presented any supporting statutory or case law to indicate otherwise. Nevertheless, this is an issue that is best left to the trier of fact. Crim.R. 12(C) makes clear that a pretrial motion to dismiss can only raise matters that are capable of determination without a trial on the general issue, and therefore a pretrial motion must not entail a determination of the sufficiency of the evidence to support the indictment.

*State v. Riley* (Dec. 31, 2001), Butler App. No. CA2001–04–095, 2002 WL 4484. In short, the defendant is asking the court to make a determination as to whether he complied with the statutory requirements of R.C. 311.01. Such a determination can be made only at the conclusion of the state's case in chief and pursuant to a Crim.R. 29(A) motion. Id.

{¶ 6} The defendant next argues that R.C. 311.01(B)(9)(b) violates his constitutional rights in that, if applied retroactively or retrospectively, its application amounts to ex post facto legislation. According to defendant, at the time he received his diploma from Technichron Technical Institute, Inc., Technichron was registered with the State Board of School and College Registration, which was under the auspices of the Ohio Board of Regents during defendant's attendance and certification. Thus, defendant argues that he has a substantive and vested right in the two-year diploma that he obtained in 1987, and that the subsequent enactment of R.C. 311.01(B)(9)(b) cannot be invoked to divest him of such right without having an unconstitutional retrospective, retroactive, or ex post facto effect.

{¶ 7} The court fails to see any ex post facto effect in R.C. 311.01 for the simple reason that the Ex Post Facto Clause of the United States Constitution applies only to criminal statutes. *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570. There is no doubt that R.C. 311.01 is not a criminal statute. Therefore, the only constitutional argument that can be made must be under Section 28, Article II of the Ohio Constitution, which provides that "[t]he general assembly shall have no power to pass retroactive laws." It has been held that " '[e]very statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective or retroactive.' " Id. at 410, 700 N.E.2d 570, quoting *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489. Under R.C. 1.48, the test for unconstitutional retroactivity requires the court to determine whether the General Assembly expressly intended the statute to apply retroactively. *Bielat v. Bielat* (2000), 87 Ohio St.3d 350, 721 N.E.2d 28. If the court determines that the statute was intended to apply retroactively, the next question becomes whether the statute is substantive, rendering it unconstitutionally retroactive, as opposed to merely remedial. Id.

{¶ 8} First of all, nothing in the statute indicates that R.C. 311.01 is to be applied retroactively. In other words, the court sees no "expressed intent" by the General Assembly to apply the statute retroactively. Thus, the statute can be best characterized as "prospective" in nature, and the court's analysis is at an end. However, even if the argument could be made that the statute is to be applied retroactively, the court would be hard-pressed to find that such applica-

tion would divest the defendant of a substantive or vested right. According to the state, R.C. 311.01(B)(9)(b) became effective in 1999, more than ten years after the defendant received his diploma from Technichron. Indeed, the main purpose of an education is to open doors of opportunity, but the court would be remiss to hold that an individual has a vested right to use his or her diploma to open those doors that are subject to the will of the legislature. Furthermore, it cannot be argued that R.C. 311.01 has replaced a vested right in defendant's education for the additional burden of more education. While the cost of education may be considered a burden, the benefit generally far exceeds any burden that falls on the student, and any education obtained up to that point can never be considered a waste. Therefore, R.C. 311.01 is not being applied in an unconstitutionally retroactive manner.

{¶ 9} Defendant next contends that the state of Ohio may not pursue a felony election-falsification charge because the declarations of candidacy and petitions were defective. Defendant argues that because the nominating petitions warn that only election falsification is a misdemeanor, the state cannot proceed to charge the defendant with a felony and prosecute him accordingly. Prior to December 9, 1997, R.C. 3599.36 provided that "[e]very paper, card, or other document relating to any election matter which calls for a statement to be made under penalty of election falsification shall be accompanied by the following statement in boldface capital letters: '**THE PENALTY FOR ELECTION FALSIFICATION IS IMPRISONMENT FOR NOT MORE THAN SIX MONTHS, OR A FINE OF NOT MORE THAN ONE THOUSAND DOLLARS OR BOTH.**'" *Stutzman v. Madison Cty. Bd. of Elections* (2001), 93 Ohio St.3d 511, 516, 757 N.E.2d 297. Effective December 9, 1997, the statute was amended to read: "Whoever violates this section is guilty of election falsification, a felony of the fifth degree." Id. However, the amendment directly conflicted with another election statute in R.C. 3501.38(J), which retained all the same attributes and penalties as former R.C. 3599.36 until it was amended on August 28, 2001. The declaration of candidacy and petitions filed therewith on December 22, 1999, by the defendant mistakenly contained the former misdemeanor language of R.C. 3501.38(J), rather than the amended felony language effective December 9, 1997, of R.C. 3599.36. To simplify, defendant was given outdated forms to fill out that identified the penalty for election falsification as a misdemeanor rather than a felony.

{¶ 10} The two significant cases on this issue are *Stutzman,* supra, and *State ex rel. Vickers v. Summit Cty. Council,* 97 Ohio St.3d 204, 2002-Ohio-5583, 777 N.E.2d 830. Although the parties dispute which case is controlling, one thing seems clear in both of them: Any petitions or declarations for candidacy filed between December 9, 1997, and August 28, 2001, will not be invalidated for failing

to comply with R.C. 3599.36 as long as the signer is made aware of the fact that election falsification is a crime and that significant sanctions are imposed for violations of election laws. In *Stutzman,* the court was faced with the same statutory dilemma involving a referendum petition. The Supreme Court held that although the actual statutory penalty was erroneous, the petition satisfied the purposes of the statutory requirement, which is to put petitioners on notice that election falsification is a crime that comes with a penalty. *Vickers,* like *Stutzman,* involved the former language of R.C. 3501.38(J) rather than the appropriate language of R.C. 3599.36. However, because the petition in that case was filed after August 28, 2001, when the two statutes were reconciled and consistent, the court determined that the statutory defect invalidated the petition. Therefore, defendant's declarations of candidacy and petitions are not defective, as they were filed between December 9, 1997, and August 28, 2001.

{¶ 11} Defendant next contends that because the board of elections is to investigate and ascertain the qualifications of one who has filed a declaration of candidacy and petition for office of sheriff, the state is barred from collaterally attacking the qualifications already determined by the board of elections. The state correctly points out that although the board of elections has the statutory authority to determine a candidate's qualifications for the office of sheriff, the board of elections has no jurisdiction when it comes to enforcement of criminal statutes and penalties, and R.C. 3599.36 clearly does not extend such jurisdiction.

{¶ 12} Defendant also seeks to have Count II of the indictment dismissed based on the running of the statute of limitations. Count II alleges that defendant violated R.C. 2921.13(A)(1) and (A)(3). Those sections state as follows: "No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following applies: (1) The statement is made in an official proceeding; * * * (3) The statement is made with the purpose to mislead a public official in performing the public official's official function. * * *" A violation of either one of these sections is a misdemeanor of the first degree. Thus, the court is directed to R.C. 2901.13, which states that a prosecution for a misdemeanor is barred unless commenced within two years. The indictment indicates that the alleged offense took place from December 1999 to January 2000, and therefore defendant argues that since the indictment was brought on December 31, 2002, the statutory period in which to bring the prosecution has expired. However, the state points to R.C. 2901.13(C), which states: "If the period of limitation * * * has expired, prosecution shall be commenced for an offense involving misconduct in office by a public servant as defined in section 2921.01 of the Revised Code, at any time while the accused remains a public servant, or within two years thereafter." Included in

the definition of "public servant" under R.C. 2921.01, Section (B)(3) of the statute defines the term as follows:

"(3) A person who is a candidate for public office, whether or not the person is elected or appointed to the office for which the person is a candidate. A person is a candidate for purposes of this division if the person has been nominated according to law for election or appointment to public office, or if the person has filed a petition or petitions as required by law to have the person's name placed on the ballot in a primary, general, or special election, or if the person campaigns as a write-in candidate in any primary, general or special election."

{¶ 13} Although defendant's filing of the declarations of candidacy might qualify him as a "public servant" under R.C. 2921.01(B)(3), it cannot be said that the misconduct occurred "in office." On April 17, 2000, a neutral arbitrator selected by defendant and his employer, Brown County Sheriff's Department, determined that effective December 22, 1999, defendant was terminated for just cause. Pursuant to Ohio Adm.Code 123:1–46–02(D), the filing of a declaration of candidacy subjected the defendant to automatic removal from the sheriff's department by engaging in political activities while an employee was engaged in the classified service. The Ohio Administrative Code defines classified service as "all persons in the active pay status serving in the competitive classified service of the state [or] counties." Ohio Adm.Code 123:1–46–02. Therefore, the arbitrator determined that because defendant is prohibited from candidacy for public office while employed by the sheriff's department, he was terminated for just cause when he filed his declarations of candidacy on December 22, 1999. As no argument has been presented to suggest that the arbitrator overstepped the bounds of her authority, the court will not disturb the arbitrator's findings and remedy. *Warren Cty. Deputy Sheriff's Benevolent Assn. v. Ariss,* Warren App. No. CA2002–02–013, 2002-Ohio-4987, 2002 WL 31107591. Therefore, since defendant was not "in office" on the date he filed the declarations of candidacy, the savings provision of R.C. 2901.13(C) suggested by the state does not apply to toll the statute of limitations.

{¶ 14} Defendant's motion to dismiss Count I of the indictment is hereby denied, and defendant's motion to dismiss Count II of the indictment is granted based on the running of the statute of limitations.

Motion to dismiss<br>denied in part.

ROBERT P. RINGLAND, J., of the Clermont County Court of Common Pleas, sitting by assignment.